# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. FREGIA,<br><br>    Plaintiff,<br><br>v.<br><br>St. CLARI, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01866-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>**(Doc. 19)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

**I.**    **<u>Findings</u>**

    **A.**    **<u>Procedural History</u>**

    Plaintiff seeks to proceed in this action on claims for violation of his right to refuse medical treatment under the Fourteenth Amendment. The Court screened Plaintiff's original complaint and the first amended complaint and found no cognizable claims. (*See* Docs. 1, 9, 12, 16.) The second amended complaint is before the Court for screening. (Doc. 19.) However, for the reasons discussed below, Plaintiff fails to state a cognizable against Dr. Ridge or Dr. Savage such that this action should be DISMISSED.

    **B.**    **<u>Screening Requirement</u>**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If an action is dismissed on one of these three bases, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**C.     Pleading Standards -- Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

2

678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. It is under this rubric that Plaintiff's factual allegations are evaluated and found deficient.

**C.** **<u>Summary of the Second Amended Complaint</u>**

Plaintiff is currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California, where the instances he contends violated his civil rights occurred. Plaintiff names Dr. Ridge and Dr. Savage as Defendants and seeks monetary relief.

Plaintiff alleges that at facilities where he was previously housed, his Primary Care Physician (PCP) had him "sign a document of acknowledgement," after which he was "removed off of insulin." (Doc. 19, p. 3.) Plaintiff states that, after he was transferred to SCC, the medical department required him to take insulin shots each day, even though before he arrived at SCC, he "informed them" of his decision to be taken off insulin. (*Id.*, p. 4.) When Plaintiff requested to be taken off of insulin at SCC, he was threatened with being placed in a "suicide cell," which he

3

describes generally as worse than Ad-Seg, so Plaintiff continued to receive insulin shots "for years." (*Id.*) Subsequently, Plaintiff explained to Dr. Ridge and Dr. Savage (his PCPs at SCC) that, since his "hemoglobin A1C was 7.9, which meets the C.D.C.R. standard," he preferred oral meds as his treatment. (*Id.*) Both defendants denied Plaintiff's request and told Plaintiff to either take the insulin shots or go to a "suicide cell." (*Id.*) Plaintiff states that he did not take the threats lightly as he knew of inmates who were put in a "suicide cell" for repeatedly refusing insulin, then placed in Ad-Seg pending high risk medical transfer for their choice. (*Id.*) Plaintiff contends that these circumstances have violated his rights under the Fourteenth Amendment to refuse medical treatment. However, for the reasons discussed below, Plaintiff fails to state any cognizable claims necessitating dismissal.

### D. **Discussion**

The Fourteenth Amendment protects the right to refuse unwanted medical treatment. *See Cruzan by Cruzan v. Dir., Mo. Dept. of Health*, 497 U.S. 261, 278 (1990) (A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment."). To determine whether Plaintiff's right to refuse treatment was violated, the Court must balance Plaintiff's "liberty interests against the relevant state interests." *Cruzan*, 497 U.S. at 279. Specifically, the Court must consider "the need for the government action in question, the relationship between the need and the action, the extent of harm inflicted, and whether the action was taken in good faith or for the purpose of causing harm." *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir.1997) (quotation omitted); *see also Jacobson v. Massachusetts*, 197 U.S. 11, 24-30 (1905) (where the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing the disease). In the prison context, "'[p]rison administrators have not only an interest in ensuring the safety of prison staff and administrative personnel . . . but also the duty to take reasonable measures for the prisoners' own safety." *Washington v. Harper*, 494 U.S. 210, 223 (1990) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

Though Plaintiff contends that his rights under the Fourteenth Amendment have been violated, he fails to state any allegations to show that he refused to be injected with insulin and it

4

was forcibly administered, or that he was punished for making that decision. Rather, Plaintiff's allegations show that he preferred oral medication over of insulin injections, which is confirmed by Plaintiff's inmate grievance which he attached to the original Complaint. (Doc. 1, pp. 7-16.)

In that grievance, Plaintiff made clear that he desired to be taken off of insulin injections and to be "prescribed 1 or 2 more oral meds to go with Metformin." (Doc. 1, p. 7.) Throughout the grievance process, Plaintiff acknowledged that it was not in his best interest to completely discontinue his insulin and that he planned to continue taking it, but that he desired to do so orally instead of via injection. (*Id.*, pp. 7-16.) At most, this equates to a difference of opinion as to which form of treatment Plaintiff received for his diabetes, which as stated in the prior screening orders, is not actionable. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Likewise, as also stated in the prior screening orders, these allegations do not show deliberate indifference by Dr. Ridge or Dr. Savage to Plaintiff's diabetic condition for a claim under the Eighth Amendment. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). Plaintiff also fails to show any harm he suffered as a result of the actions by Dr. Ridge and Dr. Savage. *Id.* Finally, Plaintiff's allegations that Dr. Ridge and Dr. Savage refused his requests to receive oral medications rather than insulin injections, fall short of satisfying the plausibility standards since such conclusory allegations are "merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.     RECOMMENDATION

For the reasons discussed above, Plaintiff's Second Amended Complaint fails to state any cognizable claims. Given that the Second Amended Complaint suffers from the same defects as Plaintiff's prior pleadings, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS** that this entire action be dismissed with prejudice. The Clerk of the Court is directed to assign a district judge to the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21**

**days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 12, 2018**             **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE